# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CARLOS GILBERT LAW, | ) | 1:07cv1071 LJO DLB |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING DISMISSAL OF ACTION |
| v. | ) | |
| ANTHONY GREEN, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Carlos Gilbert Law ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action. Plaintiff filed his complaint on July 26, 2007, and names Merced County Public Defender Anthony Green as the Defendant. Plaintiff alleges that Defendant provided him with ineffective assistance of counsel and requests monetary damages.

## DISCUSSION

A.   Screening Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to

1  state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint
2  can be cured by amendment.  Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).
3  B.     Failure to State a Claim
4       A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
5  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in
6  support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding,
7  467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.
8  Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
9  complaint under this standard, the court must accept as true the allegations of the complaint in
10 question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the
11 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.
12 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
13 C.     Analysis
14       Plaintiff alleges that on or about June 6, 2006, Merced County Public Defender Anthony
15 Green violated his Sixth Amendment right to effective assistance of counsel by failing to object
16 to the imposition of an upper-term sentence.  He requests a total of $500,000 in monetary
17 damages.
18       Plaintiff's claim fails for two reasons.  First and most importantly, this Court does not
19 have federal jurisdiction over Plaintiff's claim.  To state a claim under section 1983, a plaintiff
20 must plead (1) that the defendant acted under color of state law and (2) that the defendant
21 deprived him of rights secured by the Constitution or federal statutes.  Gibson v. United States,
22 781 F.2d 1334, 1338 (9th Cir. 1986).  When public defenders are acting in their role as advocate,
23 they are not acting under color of state law for section 1983 purposes.  See Georgia v.
24 McCollum, 505 U.S. 42, 53 (1992); Miranda v. Clark County, Nevada, 319 F.3d 465, 468 (9th
25 Cir. 2003).  Accordingly, Plaintiff fails to state a cognizable claim for relief under section 1983
26 against Defendant Green.  To the extent Plaintiff alleges legal malpractice, this is a state-law
27 claim for which "there exists no independent basis of federal jurisdiction."  See Aragon v.
28

1 Federated Dept. Stores, Inc., 750 F.2d 1447, 1457-58 (9th Cir.1985) (finding no jurisdiction over
2 state law malpractice claim action against law firm for mishandling of labor grievance).
3   Second, when a prisoner challenges the legality or duration of his custody, or raises a
4 constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a
5 writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d
6 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991). Moreover, when seeking damages for an
7 allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the
8 conviction or sentence has been reversed on direct appeal, expunged by executive order, declared
9 invalid by a state tribunal authorized to make such determination, or called into question by a
10 federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512
11 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or
12 sentence that has not been so invalidated is not cognizable under § 1983." Id. at 488.
13   Dismissal of a pro se complaint for failure to state a claim is proper where it is obvious
14 that the plaintiff cannot prevail on the facts that he has alleged and that an opportunity to amend
15 would be futile. See Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc). Based on the
16 facts alleged, Plaintiff cannot state a claim for section 1983 relief and it appears granting leave to
17 amend the complaint would be futile. Accordingly, the Court recommends that the complaint be
18 dismissed without leave to amend for failure to state a claim. Plaintiff may file a petition for writ
19 of habeas corpus if he so chooses.

**RECOMMENDATION**

These Findings and Recommendation are submitted to the Honorable Lawrence J. O'Neill pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **September 13, 2007**              /s/ **Dennis L. Beck**
                                                          UNITED STATES MAGISTRATE JUDGE